G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd, Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BARKER,<br><br>        Plaintiff,<br><br>    vs.<br><br>XEROX EDUCATION SERVICES, LLC dba ACS EDUCATION SERVICES; and ACCESSLEX INSTITUTE dba ACCESS GROUP,<br><br>        Defendant(s). | Case No.:<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

## INTRODUCTION

1.  JOHN BARKER (Plaintiff) brings this amended action to secure redress from ACCESSLEX INSTITUTE dba ACCESS GROUP (Defendant Access or Access), for violations of the Rosenthal Fair Debt Collection Practices

Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].[1]

## JURISDICTION AND VENUE

2.    Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.    Plaintiff is an individual residing in Los Angeles County, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5.    Defendant Xerox, is a student loan servicing entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in California. The principal purpose of Defendant Xerox is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another. Defendant Access, is a law school student loan lending entity engaged in the business of lending, servicing and collecting debt in this state and in several other states, with its principal place of business located in Pennsylvania. The principal purpose of Defendant Access is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6.    Within one year prior to the filing of this action, Defendant Access contacted Plaintiff to collect money, property or their equivalent, due or owing or

---

[1] Per Plaintiff's Notice of Settlement filed on October 5, 2017, Plaintiff has reached an agreement with Defendant Xerox which will result in the dismissal, with prejudice, of Xerox from this matter. As such, Plaintiff's First Amended Complaint herein alleges conduct of Defendant Access only and seeks relief only from Defendant Access as the remaining defendant in this matter.

alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" with respect to Plaintiff's student loan account.

7. The alleged debt at issue is a private law school "Bar Study" loan taken out by Plaintiff over ten (10) years ago through Defendant Access.

8. At some point in 2016, Plaintiff fell behind on his monthly payments regarding his student loan with Defendant Access. As a result, Defendant Access began to constantly and continuously call Plaintiff on his cellular telephone number ending in 5646 with the intent to harass Plaintiff into paying alleged debt.

9. Defendant Access communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment, including multiple telephone calls in one day. As further evidence of Defendant Access' attempts to harass Plaintiff into paying by way of these autodialed phone calls, as will be shown below, Defendant Access ignored Plaintiff's request for a cease of any further calls and continued to place such autodialed collection calls to Plaintiff well into 2017.

10. The natural and probable consequences of Defendant Access' conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt. Defendant Access became aware of Plaintiff's request for no further calls and made the conscious decision to disregard it and continued to place autodialed collection calls to Plaintiff's cell phone for a period of five (5) months thereafter.

11. Specifically, on or about October 21, 2016 at approximately 11:15am PST, Plaintiff answered one of Defendant Access' calls placed from telephone number (855) 321-3938, and after several seconds of "dead air" or non-response, an agent for Defendant Access answered Plaintiff's greeting.

12. In response, Plaintiff advised this agent that Defendant Access was to cease placing any further calls to Plaintiff and his cellular telephone. Despite these

clear instructions, Defendants continued to place its autodialed collection calls to Plaintiff's cellular telephone into 2017.

13. In doing so, Plaintiff both demanded a cease of any further telephone communication from Defendant Access as well as revoked any "prior express consent" Defendant Access had to place any further calls to Plaintiff's cellular telephone which utilized autodialing equipment.

14. Despite receiving this information, upon information and belief, Plaintiff alleges that Defendant Access placed approximately fifteen (15) automated collection calls to Plaintiff's cellular telephone after Plaintiff had both demanded that no further calls be placed and after he had revoked consent to receive such calls on his cellular telephone.

15. As an illustrative example, Defendant Access placed calls to Plaintiff's cellular telephone on the following dates and times: October 26, 2016 at 12:36pm; November 8, 2016 at 9:17am; November 17, 2016 at 4:27pm and 4:28pm (2 calls within 1 minute); November 29, 2016 at 4:36pm; December 13, 2016 at 12:21pm; January 23, 2017 at 12:31pm; February 6, 2017 at 9:37am; February 14, 2017 at 8:48am; February 28, 2017 at 11:49am; March 8, 2017 at 10:15am and 10:16am (2 calls within 1 minute); March 9, 2017 at 1:54pm and 1:55pm (2 calls within 1 minute); and March 13 at 9:09am.

16. Defendant Access used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place these aforementioned collection calls to Plaintiff. The dead air that the Plaintiff experienced on the calls that he received (i.e., when Plaintiff answered there was several seconds where no other person was on the other end) is indicative of the use of an automatic telephone dialing system. Further, the instances of Plaintiff receiving calls from Defendant Access within one minute of one another is further evidence of Defendant Access' use of an ATDS as it indicates that the dialer is malfunctioning.

17. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant Access' autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.

18. The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it. Should the call at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

19. Defendant Access' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

20. Defendant Access' calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

21. As of October 21, 2016, when Plaintiff first demanded that Defendant Access cease placing its calls to his cellular telephone, any such consent for Defendant Access to place its autodialed calls (assuming it existed in the first place), was revoked by Plaintiff. Accordingly, Defendant Access did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

FIRST AMENDED COMPLAINT FOR DAMAGES

22. As a result of Defendant Access' alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendants caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of his cellular telephone;

    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## FIRST CAUSE OF ACTION

### (Violation of the RFDCPA, CAL. CIV. CODE § 1788)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant Access violated the RFDCPA. Defendant Access' violations include, but are not limited to, the following:

(a) Defendant Access violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant Access violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

(c) Defendant Access violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

25. Defendant Access' acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant Access is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Violations of the TCPA, 47 U.S.C. § 227 – Against Both Defendants Jointly and Severally)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendants violated the TCPA. Defendant Access' violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant Access violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant Access willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant Access knowing and/or willfully violated the TCPA.

29. As a result of Defendant Access' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant Access knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against both Defendant Access for the following:

(a) An injunction prohibiting Defendant Access from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant Access' violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant Access' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(h) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: October 5, 2017 **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2017, I electronically filed the foregoing with the Clerk of the Court using the *CM/ECF*. The First Amended Complaint has been served on Defendants counsel of record by way of the *CM/ECF*.

By: /s/ Nicholas J. Bontrager
Nicholas J. Bontrager, Esq.